IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM WILLIAMS, as Administrator
of the Estate of Candace K. Williams,
deceased and WILLIAM WILLIAMS,
a resident of Ohio,

     Plaintiffs,

v.                             Civil Action No. 5:08CV137
                                           (STAMP)

GREAT WEST CASUALTY COMPANY,
a Nebraska corporation domiciled
in the State of Nebraska and
JOHN DOES 1, 2, and 3 who participated
in the spoliation of evidence vital to
the Plaintiff's ability to prevail
in a civil action,

     Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT GREAT WEST CASUALTY
CORPORATION'S MOTION TO DISMISS**


I.  <u>Procedural History</u>

     Plaintiff William Williams ("Mr. Williams"), in his individual capacity and as Administrator of the Estate of Candace K. Williams, deceased, filed suit in this Court against defendant insurance company Great West Casualty Company ("Great West") and unknown defendants John Does 1, 2, and 3 for spoliation of evidence under West Virginia law.  Great West filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  Mr. Williams filed a response, to which Great West replied.  This motion is now fully briefed and ripe for

disposition. For the reasons discussed below, Great West's motion to dismiss will be denied.

## II.  Facts

Mr. Williams's wife, Candace Williams, was killed in a single-vehicle accident and resulting fire which occurred on September 3, 2006, in Tyler County, West Virginia. Mr. Williams alleges that Candace Williams lost control of and crashed the semi-tractor she was operating because of poisoning from a carbon monoxide leak into the driver's cabin. Mr. Williams also states that the leak was caused by the negligent design, manufacture, and maintenance of the semi-tractor. Mr. Williams further alleges that shortly after the accident, the owner of the semi-tractor, John A. Harris, contacted Great West, an insurer of the semi-tractor, to inform Great West of the damage. On September 6, 2006--approximately three days after the accident--Great West sent a letter to Harris regarding the reported damage to the semi-tractor. On or about September 12, 2006--approximately nine days after the accident--Great West had the semi-tractor transported to a salvage yard and destroyed. According to Mr. Williams, Great West's actions destroyed vital evidence which has deprived him from pursuing and prevailing in civil litigation against those individuals or entities who were responsible for the negligent design, manufacture, and maintenance of the semi-tractor Candace Williams was operating at the time of her death.

Based upon these allegations, Mr. Williams asserts two causes of action against Great West under West Virginia law. Count I is a claim for negligent spoliation of evidence. Count II is a claim for intentional spoliation of evidence.

Mr. Williams asserts in Count I that Great West had actual knowledge of the existence of potential wrongful death and/or survival claims of Candace Williams and her passenger, Kimberly Coughlin,[1] based upon Great West's extensive experience as an insurer of trucks and related experience in wrongful death litigation arising from trucking accidents; based upon the information received by Great West from its insured about the accident; and based upon a report prepared by another insurer regarding the crash and fire, which report noted potential wrongful death claims and mentioned the Great West insurance coverage for the semi-tractor Candace Williams was operating at the time of her death. Further, Mr. Williams claims that Great West had a duty to preserve the semi-tractor as possible relevant evidence in the potential civil litigation and that Great West violated that duty by having the semi-tractor destroyed so quickly after the accident occurred. As a result of Great West's destruction of the semi-tractor, Mr. Williams alleges, the heirs of Candace Williams, including himself, were deprived of the ability to pursue their

_____

[1]The Estate of Kimberly Coughlin, who also died in the accident, is not a party to this suit.

wrongful death and other claims against those who allegedly negligently designed, manufactured, and maintained the semi-tractor.

Mr. Williams's second cause of action, intentional spoliation of evidence, similarly states that, for the same reasons set forth in Count I, Great West had actual knowledge of potential civil litigation relating to the semi-tractor and that Great West had the semi-tractor destroyed, thereby preventing Mr. Williams from pursuing his civil claims against the individuals and entities which allegedly negligently designed, manufactured, and maintained the semi-tractor. In Count II, Mr. Williams also claims that Great West intentionally and willfully destroyed the semi-tractor for the purpose of defeating Mr. Williams's and/or other similarly situated potential plaintiff's ability to prevail in a potential lawsuit against Great West's insureds and/or others. Mr. Williams seeks compensatory and punitive damages.

Great West contends that the complaint fails to state a claim upon which relief can be granted and, therefore, that it must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.  <u>Applicable Law</u>

Federal Rule of Civil Procedure 12(b)(6) applies to a motion to dismiss for failure of the plaintiff to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court must accept the truth of the facts

alleged in the complaint. <u>See</u> <u>Erikson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citing <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007)); <u>Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). A Rule 12(b)(6) motion is not a procedure for resolving a contest about the facts or the merits of the case; rather, its purpose is to test the formal adequacy of the statement of the claim for relief. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (3d ed. 2007).

A Rule 12(b)(6) motion is distinct from a motion for summary judgment under Rule 56. The latter goes to the merits of the claim and tests whether a genuine issue of material fact exists, <u>id.</u> § 1356, at 298, whereas the former goes to whether a claim has been sufficiently stated. In assessing a motion to dismiss, a court must construe the complaint in the light most favorable to the party making the claim and the court's inquiry is limited to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357, at 304, 310. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Twombly</u>, 127 S. Ct. at 1969.

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted only in limited circumstances. <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

A dismissal under Rule 12(b)(6) is warranted only where the factual allegations in the complaint clearly demonstrate that the plaintiff has failed to state a claim and is therefore not entitled to relief under the law.  5A  Wright & Miller, <u>supra</u> § 1357, at 344-45.

In this case, Mr. Williams has attached certain documents to his complaint and has made these documents part of the complaint by reference to them therein.  These documents may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion.  <u>See, e.g.</u>, <u>In re Colonial Mortg. Bankers Corp.</u>, 324 F3d 12, 16 (1st Cir. 2003); <u>Paulemon v. Tobin</u>, 30 F.3d 307, 308-09 (2d Cir. 1994).

## III.  <u>Discussion</u>

### A.  <u>Negligent Spoliation</u>

Mr. Williams's negligent spoliation cause of action does not warrant dismissal for failure to state a claim.  To prevail on a claim for the tort of negligent spoliation by a third party under West Virginia law, a plaintiff must show that (1) a pending or potential civil action existed; (2) the alleged spoliator had actual knowledge of the pending or potential civil action; (3) the alleged spoliator had a duty to preserve evidence on the basis of a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances; (4) the evidence was spoliated; (5) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; and (6) damages resulted.  <u>Hannah v. Heeter</u>, 584 S.E.2d

560, 569-70 (W. Va. 2003); <u>Mace v. Ford Motor Co.</u>, 653 S.E.2d 660, 664 (2007).

Great West argues that Count I must be dismissed because Mr. Williams cannot show that Great West had actual knowledge of potential civil litigation in which the semi-tractor might be relevant evidence and that, even if Mr. Williams could show actual knowledge, Great West had no duty to preserve the semi-tractor as evidence. In support, Great West relies upon <u>Mace v. Ford Motor Company</u>, 653 S.E.2d 660 (2007). There, the West Virginia Supreme Court upheld the trial court's grant of summary judgment in favor of the defendant insurer on a negligent spoliation claim on the ground that, after completion of discovery, no evidence on the record showed that at the time the possibly relevant evidence was destroyed, the plaintiffs had filed suit against the allegedly negligent car manufacturer or were likely to do so. The court in <u>Mace</u> also found, under the facts developed on the record in that case, that the insurer did not have a duty to preserve the evidence which had been destroyed.

Here, Great West contends that Mr. Williams has alleged Great West's actual knowledge resulted from Great West's experience and from a report prepared by another insurer regarding the potential claims arising from the accident involving the semi-tractor but has failed to allege that Great West was provided with actual notice of potential claims involving the destroyed semi-tractor. Because Mr.

Williams has alleged no facts that Great West had actual notice, Great West argues, Mr. Williams's negligent spoliation claim must be dismissed.

Great West further contends that Mr. Williams's negligent spoliation claim must fail because he has failed to allege facts setting forth Great West's duty to preserve. In support, Great West argues that in the <u>Mace</u> case, the court found that the insurer's knowledge concerning previous civil litigation in similar cases constituted constructive, not actual, knowledge and was, therefore, insufficient to impose a duty to preserve. According to Great West, it also had no duty to preserve in this case because as an insurance carrier, it holds the same position as the insurer in <u>Mace</u>.

Great West's arguments lack merit. Great West mistakes pleading requirements for requirements of proof. The trial court in <u>Mace</u> granted the insurer defendant's motion for summary judgment after the completion of discovery. Here, Great West asks this Court to dismiss Mr. Williams's claims before discovery is complete based upon Great West's contention that facts alleged are insufficient to show actual knowledge. Although, as the West Virginia Supreme Court stated in <u>Mace</u>, "'a third party's constructive knowledge of a pending or potential action is not sufficient to force upon the third party the duty to preserve evidence," a plaintiff may show actual knowledge through

circumstantial evidence. <u>Mace</u>, 653 S.E.2d at 666 (quoting <u>Hannah</u>, 584 S.E.2d at 570). Showing actual knowledge through circumstantial evidence, in most instances, requires discovery. Similarly, whether Great West had a duty to preserve based upon special circumstances arising from actual knowledge of potential litigation may also be shown by circumstantial evidence. Again, showing an element of a claim by circumstantial evidence requires discovery in most instances. Given the elements which Mr. Williams may show by circumstantial evidence, this Court concludes that Mr. Williams has alleged sufficient facts to allow this case to proceed to discovery.

Accordingly, Great West's motion to dismiss Mr. Williams's claim for negligent spoliation will be denied.

B. <u>Intentional Spoliation</u>

Mr. Williams's claim for intentional spoliation also survives Great West's motion to dismiss. In West Virginia, the tort of intentional spoliation consists of seven elements:

> (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages.

<u>Hannah</u>, 584 S.E.2d at 573. As noted by the West Virginia Supreme Court, "[t]he gravamen of the tort of intentional spoliation is the

intent to defeat a person's ability to prevail in a civil action." Id.

In this action, Great West contends that Mr. Williams cannot meet two of the required elements: (1) that Great West had knowledge of a pending or potential lawsuit involving the destroyed semi-tractor; and (2) that Great West destroyed the semi-tractor with the specific intent to defeat a civil lawsuit. As with Great West's arguments concerning the negligent spoliation claim, these arguments lack merit. This Court finds that the factual allegations set forth in Mr. Williams's complaint are adequate to state a cause of action for intentional spoliation. Both knowledge and intent may be shown by circumstantial evidence. See Mace, 653 S.E.2d at 666 ("'a plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence'") (quoting Hinerman v. Daily Gazette Co., 423 S.E.2d 560, 573 n.18 (W. Va. 1992)). Therefore, this Court finds it appropriate to allow discovery to proceed. Accordingly, Great West's motion to dismiss Mr. Williams's intentional spoliation claim will be denied.

## IV. Conclusion

For the reasons stated above, this Court concludes that William Williams's complaint states claims for negligent spoliation by a third party and for intentional spoliation. Accordingly, defendant Great West's motion to dismiss the complaint is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 1, 2009

/s/ Frederick P. Stamp., Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE